GLORIA F. AVERY-CARTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Avery-Carter v. Commissioner
Docket No. 6225-93
United States Tax Court
T.C. Memo 1993-598; 1993 Tax Ct. Memo LEXIS 615; 66 T.C.M. (CCH) 1596; December 16, 1993, Filed *615 Gloria F. Avery-Carter, pro se. For respondent: Eric M. Nemeth. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent, by two notices of deficiency, determined deficiencies and additions to petitioner's Federal income taxes as follows: Year
Deficiency
Additions to tax, Sec. 6651(a)
1989
$ 7,978.00
$ 325.25
1990
9,027.00
383.75
The issues for decision are whether (1) petitioner failed to report wage and other income for each of the years in question, and (2) whether she is liable for the addition to tax for failure to file returns for each year. Substantially all the facts are stipulated, and they are so found. Petitioner was a resident of Detroit, Michigan, when she timely filed her petition herein. Petitioner *616 worked for the Detroit Board of Education during both 1989 and 1990, and she received taxable income in the amounts of $ 41,478.63 and $ 45,017.17 in those respective years. Petitioner received nonemployee income for services in the amounts of $ 500 and $ 1,000 for 1989 and 1990, respectively, as well as interest income of $ 19 in 1989 and $ 11 in 1990. Petitioner did not file Federal income tax returns for either 1989 or 1990. Petitioner has stipulated as to the income she has received in each year and she has further stipulated that she failed to file Federal income tax returns in each year. She argues to this Court that "historical patterns of discrimination, harassment and abuse have adversely affected my ability to pay and have very damaging effects on my financial standing and created unfair consequences". She outlined a long history of problems commencing in the mid-eighties when she was graduated from the University of Detroit Law School and was considering being involved in a discrimination lawsuit. At about the same time, she was also in the process of divorcing her husband. Beginning in 1988 she complains that she was being harassed by her employers, that her union *617 failed to represent her properly in a grievance proceeding, and that she was ridiculed by the psychiatrist to whom she was sent because of her claim that she was in communication with the Federal Bureau of Investigation. In addition, she was denied purchase of a cooperative condominium, her credit rating was ruined, and she has been unable to buy a new car she needs. Petitioner had an accountant prepare her 1989 Federal income tax return, but she did not file it because she was not certain about her filing status as a consequence of the divorce action. She did not have a return for 1990 prepared. Petitioner bears the burden of proving respondent's determinations of deficiencies in tax to be incorrect. Rule 142; . Petitioner has not contested the amounts of income earned, nor has she contested that she failed to file returns for either of the 2 years at issue. There is no question in the Court's mind that petitioner has had multiple problems both in her personal life and at her work; those problems, however, do not serve to excuse her from her obligation to file Federal income tax returns and to report the *618 amount of tax which she owes. Further, we have held taxpayers not to be exempt from income tax because of their status as African-Americans. ; . We similarly so hold in this case. We have considered the problems in petitioner's life in connection with the addition to tax under section 6651(a). [2] Section 6651(a) provides for an addition to tax in case of failure to file any return on the date prescribed, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. If the failure did not result from "willful neglect" and was "due to reasonable cause", the addition will not be imposed. "Willful neglect" has been interpreted to mean a conscious, intentional failure, or reckless indifference. . "Reasonable cause" requires the taxpayer to demonstrate the exercise of ordinary business care and prudence and that nonetheless the taxpayer was unable to file the returns within the prescribed time. Sec. 301.6651-1(c)(1), Proced. *619 and Admin. Regs. Despite the problems faced by petitioner, we do not believe that her failure to file was due to reasonable cause, and accordingly, we hold that she is liable for the addition to tax under section 6651(a). Decision will be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner has also stated for the record that she is not in a financial situation to pay the claimed deficiencies. This Court, of course, has no jurisdiction in general over collection activities. Our jurisdiction is limited to determining the amount of the deficiency in question for each year.↩